UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR PLESCIA, | Case No. 13-14347 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| UNITED STATES OF AMERICA and MALATINSKY, | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. | |
| _____/ | |

### REPORT AND RECOMMENDATION
### DEFENDANT WILLIAM MALATINSKY'S
### MOTION TO DISMISS (Dkt. 12)

**I. PROCEDURAL HISTORY**

Plaintiff Victor Plescia, an inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, brings this action alleging medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against defendants the United States of America and William Malatinsky, M.D. (Dkt. 1). In his complaint, plaintiff complains that defendant Malatinsky was negligent when he refused to refer plaintiff to a different orthopedist doctor for a second opinion, and that he breached the applicable standard of care, causing plaintiff to suffer pain. (*Id.*). On October 18, 2013, District Judge Terrence G. Berg referred this case to the undersigned for all pretrial purposes. (Dkt. 6). On January 21, 2014, defendant William Malatinsky, M.D., filed a motion to dismiss,

1

arguing that he is not a proper defendant because the United States is the only proper defendant in an action under the Federal Tort Claims Act, and suits against individual employees of the United States are not cognizable. (Dkt. 12). Plaintiff filed a response to defendant Malatinsky's motion on March 12, 2014 (Dkt. 16), and Dr. Malatinsky filed a reply brief in support of his motion on March 26, 2014. (Dkt. 17). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant Malatinsky's motion to dismiss be **GRANTED,** that plaintiff's claims against Dr. Malatinsky be **DISMISSED with prejudice**, and that defendant Malatinsky be **DISMISSED** from this action.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that he has suffered from chronic right shoulder pain since 2004, and that in August 2012, he was examined by the resident orthopedist at FCI Milan, who recommended that plaintiff be referred to an outside orthopedist for surgical repair of a torn rotator cuff. (Dkt. 1, ¶¶ 9-10). Defendant William Malatinsky, M.D., the Clinical Director at FCI Milan, then referred plaintiff to an outside orthopedist, who determined that plaintiff was not a surgical candidate for a rotator cuff repair at that time, but instead should return every three months for a cortisone injection in his right shoulder. (Dkt 1, ¶ 11). Plaintiff alleges that the treatment and diagnosis did not relieve his pain and thus he requested a second

opinion by a different outside orthopedist, but Dr. Malatinsky refused to make the referral. (Dkt. 1, ¶ 12). Plaintiff alleges that Dr. Malatinsky's refusal to refer plaintiff to another orthopedist for a second opinion constitutes medical malpractice, and brings this lawsuit under the Federal Tort Claims Act against the United States and Dr. Malatinsky for the negligent acts of Dr. Malatinsky. (Dkt. 1).

Dr. Malatinsky filed a motion to dismiss him as a defendant, arguing that the United States is the only proper defendant in an action under the Federal Tort Claims Act. (Dkt. 12). Dr. Malatinsky asserts that when an individual employee is named as a defendant in an FTCA case, the United States is substituted as the party defendant, citing 28 U.S.C. § 2679(c), (d). Because the United States has already been named as a defendant, Dr. Malatinsky argues that plaintiff's claim against him should be dismissed. (*Id.*). Plaintiff responded to Dr. Malatinsky's motion, stating that defendant's position that the United States is the only proper defendant under the FTCA is well taken and agreeing that Dr. Malatinsky should be dismissed as a defendant in this action. (Dkt. 16). Plaintiff stated, however, that he "would object to the dismissal of Dr. Malatinsky as a government employee who's [sic] acts are the direct cause of plaintiff's injuries," and thus "requests the Court to dismiss Dr. William Malatinsky as a Defendant in this action but remain in the case as a party." (*Id.*).

3

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court reviews whether plaintiff's FTCA complaint alleges "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To meet this standard, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). At this early stage of litigation, the Court construes these factual allegations "in the light most favorable to" plaintiff and draws "all reasonable inferences in favor of" plaintiff. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011) (quoting *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009)).

### B. Defendant Malatinsky is not a Proper Party and Should be Dismissed

Plaintiff named the United States and Dr. Malatinsky as defendants in his FTCA claim. However the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)); *see also, e.g.*, *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."

(quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Twomey v. F.B.I.*, 27 Fed Appx. 331, 332 (6th Cir. 2001) ("[T]he United States is the only proper defendant in [FTCA] action."); *Mars v. Hanberry*, 752 F.2d 254, 255-56 (6th Cir. 1985) ("The United States is the only proper party in an action pursuant to the [FTCA.]"). The Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. When a federal employees acts within the scope of his or her employment and commits a tort, any relief for that tort must be sought against the United States, not the individual employees, under the FTCA. 28 U.S.C. §§ 2671-2680. Because plaintiff is asserting a tort claim against Dr. Malatinsky based on acts committed within the scope of his employment, plaintiff's only remedy to obtain relief is an action against the United States under the FTCA. As a result, plaintiff cannot maintain his FTCA action against Dr. Malatinsky, and defendant's motion to dismiss with respect to the FTCA claim against him individually should be granted.[1]

## IV.　RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

---

[1] In his response, plaintiff only "object[s] to the dismissal of Dr. Malatinsky as a government employee who's [sic] acts are the direct cause of plaintiff's injuries." (Dkt. 16). However, as defendant explained in his reply brief, Dr. Malatinsky presumably would remain a witness in this case, to the extent that his actions are relevant to plaintiff's FTCA claim.

defendant Malatinsky's motion to dismiss be **GRANTED,** that plaintiff's claims against Dr. Malatinsky be **DISMISSED with prejudice**, and that defendant Malatinsky be **DISMISSED** from this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 12, 2014                    s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 12, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Lynn Marie Dodge, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Victor Plescia, #01387424, Milan Federal Correctional Institution, Inmate/Mail Parcels, P.O. Box 1000, Milan, MI 48160.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov

7