UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR PLESCIA,                                     Case No. 13-14347

              Plaintiff,                 Terrence G. Berg
v.                                                  United States District Judge

UNITED STATES OF AMERICA and                        Michael Hluchaniuk
MALATINSKY,                                         United States Magistrate Judge

              Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 25]

### I.    Procedural History

Plaintiff Victor Plescia, an inmate currently incarcerated at the Federal

Correctional Institution in Milan, Michigan, brought this action alleging medical

malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et*

*seq*., against defendants the United States of America and William Malatinsky,

M.D.  (Dkt. 1).  In his complaint, plaintiff complained that Dr. Malatinsky

was negligent when he refused to refer plaintiff to a different orthopaedic doctor

for a second opinion, and that he breached the applicable standard of care, causing

plaintiff to suffer pain.  (*Id*.)

On October 18, 2013, District Judge Terrence G. Berg referred this case to

the undersigned for all pretrial purposes.  (Dkt. 6).  On January 21, 2014, Dr.

Malatinsky filed a motion to dismiss alleging that he was not a proper party defendant under the FTCA. (Dkt. 12). On June 12, 2014, the undersigned recommended that Dr. Malatinsky's motion to dismiss be granted and that he be dismissed with prejudice. (Dkt. 18). On August 8, 2014, the District Court accepted and adopted this court's report and recommendation and further ordered that Dr. Malatinsky's motion to dismiss be granted. (Dkt. 20). As a result, the District Court dismissed Dr. Malatinsky with prejudice from the proceedings and the case proceeded against the United States only. (*Id*.)

The case management report called for the exchange of expert witness lists by November 17, 2014. (Dkt. 19, at 2). This included the exchange of expert reports as required by Fed. R. Civ. P. 26(a)(2)(B). (*Id*.) On November 24, 2014, this court granted plaintiff an extension to file his initial witness list until December 17, 2014. In a letter dated December 11, 2014, plaintiff sent a letter to defendant indicating that "he had not found any witnesses at [that] time that he [would] call to testify at any trial had in this matter. In the event plaintiff discovers a witness he intends to call to testify at trial plaintiff [would] notify the defendant and provide all information relevant to such witnesses." (Dkt. 25, Ex. 5). Plaintiff has represented to the court that no expert witness list or expert reports have been exchanged in this matter by plaintiff as of the date this report and recommendation was filed.

On March 17, 2015, the United States filed a motion for summary judgment. (Dkt. 25).  The United States argues that discovery is closed and plaintiff has not identified an expert witness who can testify regarding the necessary elements of his *prima facie* case of medical malpractice.  Furthermore, even if an expert were available, the United States contends that plaintiff would be unable to prove that its actions proximately caused plaintiff's claimed injury.  On April 23, 2015, plaintiff filed a brief in response.  (Dkt. 29).  The United States filed a reply brief on May 18, 2015.  (Dkt. 30).  The motion is now ready for report and recommendation.

## II.    Factual Background

As this court previously discussed in its report and recommendation to dismiss Dr. Malatinsky, plaintiff alleges that he has suffered from chronic right shoulder pain since 2004, and that in August 2012, he was examined by the resident orthopedist at FCI Milan, Dr. Kanwaldeep Sidhu, who recommended that plaintiff be referred to an outside orthopedist for surgical repair of a torn rotator cuff.  (Dkt. 1, ¶¶ 9-10).  Dr. Malatinsky, the clinical director at FCI Milan, then referred plaintiff to an outside orthopedist, Dr. John K. Anderson, who determined that plaintiff was not a surgical candidate for a rotator cuff repair at that time, but instead should return every three months for a cortisone injection in his right shoulder.  (Dkt 1, ¶ 11).  Plaintiff alleges that the treatment and diagnosis did not

3

relieve his pain and thus he requested a second opinion by a different outside orthopaedic doctor, but Dr. Malatinsky refused to make the referral.  (Dkt. 1, ¶ 12).  Plaintiff alleges that Dr. Malatinsky's refusal to refer plaintiff to another orthopedist for a second opinion constitutes medical malpractice, and brought this lawsuit under the FTCA against the United States and Dr. Malatinsky for the negligent acts of Dr. Malatinsky.  (Dkt. 1, at 5).  As noted above, Dr. Malatinsky was dismissed from the lawsuit and plaintiff is now proceeding solely against the United States.  (Dkt. 18).

## III.   Defendant's Motion

Defendant argues that under the FTCA liability is determined in accordance with "the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b); *Schindler v. United States*, 661 F.2d 552, 558-59 (6th Cir. 1981). Defendant contends that because the events underlying this action occurred in Michigan, Michigan's medical malpractice law applies.  As such, plaintiff has the burden of proving: (1) the applicable standard of care; (2) that defendant breached the standard of care; (3) injury, and (4) proximate causation between the alleged breach and the injury.  A failure to prove any one element is fatal to plaintiff's claim.  *See Teal v. Prasad*, 283 Mich. App. 384, 291 (2009), *citing Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488, 492 (2003); *see also Wischmeyer v. Schanz*, 449 Mich. 469, 484 (1995).

4

Specifically with respect to a medical malpractice claim, a plaintiff needs to prove that "in light of the state of the art existing at the time of the alleged malpractice":

> The defendant, if a general practitioner, failed to provide the plaintiff the recognized standard of acceptable professional practice or care in the community in which the defendant practices or in a similar community, and that as a proximate result of the defendant failing to provide that standard, the plaintiff suffered an injury.
>
> .   .   .
>
> (2) In an action alleging medical malpractice, the plaintiff has the burden of proving that he or she suffered an injury that more probably than not was proximately caused by the negligence of the defendant or defendants. In an action alleging medical malpractice, the plaintiff cannot recover for loss of an opportunity to survive or an opportunity to achieve a better result unless the opportunity was greater than 50%.

M.C.L.A. § 600.2912a.

Defendant also argues that expert testimony is necessary to establish the necessary elements of a *prima facie* case of medical malpractice. *See Woodward v. Custer*, 473 Mich. 1, 6 (2005); *see also Young v. Nandi*, 276 Mich. App. 67 (2007). Because plaintiff has not identified an expert in this case, defendant argues that plaintiff cannot meet the elements of his *prima facie* case and the case should be dismissed. (Dkt. 25, at 6). On the other hand, defendant has identified an expert, Dr. Anthony Munaco, a board certified medical doctor in the area of

family medicine who has reviewed the medical records and complaint in this case. Dr. Munaco opined that defendant did not violate the standard of care in the treatment of plaintiff's shoulder. (Dkt. 25, Ex. 2). Additionally, regarding proximate cause, Dr. Munaco opined that plaintiff did not sustain any injury as a result of the care and treatment provided by defendant, rather the pain alleged in the complaint was from an earlier injury to plaintiff's shoulder. (*Id*.) Dr. Munaco further opined that even if a second opinion was obtained that recommended surgery, there could be no credible testimony with any degree of certainty that surgical intervention would correct the shoulder injury and alleviate plaintiff's pain. (*Id*.) In sum, defendant argues that the only expert testimony presented for the court's review concludes that defendant met the standard of care in this case and therefore plaintiff's alleged pain cannot be proximately caused by defendant's actions. (Dkt. 25, Def.'s Mot. Summ. J. at 8).

## IV.    Plaintiff's Response

Plaintiff argues that genuine issues of material fact remain and that defendant United States' motion cannot therefore be granted. As a threshold matter, plaintiff indicates that he believes that *defendant* has the burden to prove: 1) the standard of care relied upon by plaintiff is incorrect; 2) that its employee, Dr. Malatinsky, did not breach the applicable standard of care; 3) that plaintiff did not receive an injury as a result of Dr. Malatinsky's breach; and 4) that any injury

6

received by plaintiff was not directly caused by Dr. Malatinsky's breach of the standard of care.  (Dkt. 29, Pl.'s Resp. at 6-7).

Plaintiff first argues that defendant's expert, Dr. Munaco, is not qualified to render an opinion on the standard of care in this action.  (*Id*. at 8-9)  Specifically, plaintiff indicates that Dr. Munaco is trained in family practice and has no formal training in orthopaedic medicine sufficient to allow him to render an expert opinion regarding the standard of care in the instant case.  (*Id*.)  Further, plaintiff contends that Dr. Munaco has a history of breaching the standard of care by refusing to refer federal prisoners for a "second opinion" after his course of treatment proves to be ineffective.  *Id.* (*citing e.g.*, *Moore v. United States*, 2001 U.S. Dist. LEXIS 115827 (E.D. Mich. Oct. 7, 2011).  Plaintiff argues that after Dr. Anderson's treatment recommendations failed to relieve plaintiff's pain, Dr. Munaco failed to refer plaintiff to another orthopaedic specialist.  Plaintiff argues that *Moore* demands a resolution by the trier of fact.  (*Id*. at 10).

Plaintiff also argues that he was injured as a result of defendant's actions.  (*Id*. at 10-11).  Indeed, plaintiff indicates that his medical records show that he experienced an "increase in pain" due to the deterioration and damage to his right shoulder based on a lack of treatment for his "massive right shoulder rotor-cuff tear."  (*Id*. at 11).  Plaintiff argues that Dr. Malatinsky's withholding of a "second opinion" referral is the direct cause of the increase in pain in his right shoulder.

(*Id*. at 12).  Plaintiff additionally argues that Dr. Malatinsky's expert report does not contain sufficient detail or factual basis for determining the standard of care in a prison system and is therefore insufficient to support defendant's motion for summary judgment.  (*Id*.)  As such, plaintiff contends that he is not required to produce a contrary affidavit.  *See Fitzgerald v. Corrections of Am.*, 403 F.3d 1134, 1144-45 (10th Cir. 2005).

## V.     Defendant's Reply

Defendant argues that it filed its motion for summary judgment based on plaintiff's failure to meet his burden of proof on his medical malpractice claim.  Plaintiff, not defendant, bears the burden of establishing that the elements of the malpractice claim have been met.  (Dkt. 30, at 1).

Regarding the standard of care, according to M.C.L.A. § 600.2169(a), the standard of care expert must have the same area of expertise as the medical professional whose actions are the basis of the medical malpractice claim.  Dr. Malatinsky is board certified in family medicine, therefore, the testimony of a physician who is board certified in family medicine would be required to opine on whether Dr. Malatinsky breached the standard of care when he did not refer plaintiff to an additional outside expert.  (*Id*. at 2; *citing Woodward v. Custer*, 473 Mich. 1, 6 (2005); *Young v. Nandi*, 276 Mich. App. 67, 76-77 (2007)).

Defendant points out that plaintiff has not offered any expert opinion

testimony regarding the standard of care. Based on this failure alone, defendant claims that its motion for summary judgment should be granted. *See* M.C.L.A. § 600.2169, and cases cited *supra*. Moreover, defendant argues that the *Moore* case cited by plaintiff is inapposite. In *Moore*, plaintiff inmate was not referred for an orthopaedic consult for an ankle injury despite x-ray evidence that the inmate suffered from severe osteoarthritis. To the contrary, here, Dr. Malatinsky referred plaintiff to an orthopaedic surgeon, Dr. Anderson. Dr. Anderson, however, concluded that plaintiff was not a candidate for surgery. Dissatisfied with Dr. Anderson's treatment protocol, plaintiff asked Dr. Malatinsky for a second orthopaedic referral.

Defendant also claims that because plaintiff has not presented any expert testimony, his claim that there has been deterioration in his right shoulder based on lack of treatment is too speculative. *See Woodward*, 473 Mich. at 6; *Young* 276 Mich. App. at 76-77 .

For all of these reasons, defendant requests that this court grant its motion for summary judgment and dismiss the complaint with prejudice.

## VI.    Analysis

### A.    Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

9

any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate

the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477

U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

However, mere allegations or denials in the non-movant's pleadings will not

satisfy this burden, nor will a mere scintilla of evidence supporting the non-

moving party. *Anderson*, 477 U.S. at 248, 251.

      B.    <u>Legal Analysis</u>

Plaintiff's medical malpractice claim against the United States, brought

under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq*., alleges that the

United States (specifically Dr. Malatinsky) negligently withheld from plaintiff a

second opinion by a different orthopaedist, after plaintiff was dissatisfied with the

treatment protocol recommended by the first orthopaedic surgeon (Dr. Anderson).

"Liability under the FTCA is determined by reference to the law of the state where

the alleged medical malpractice or negligence occurred." *Shedden v. U.S.*, 101

Fed. Appx. 114, 115-16 (6th Cir. 2004) (citations omitted).

In Michigan, a plaintiff bringing a claim for medical malpractice must

establish the following elements:

> (1) the appropriate standard of care governing the
> defendant's conduct at the time of the purported
> negligence, (2) that the defendant breached that standard
> of care, (3) that the plaintiff was injured, and (4) that the
> plaintiff's injuries were the proximate result of the
> defendant's breach of the applicable standard of care.

*Kava v. Peters*, No. 09-2327, 2011 WL 6091350, *4 (E.D. Mich. Dec. 7, 2011)

(quoting *Craig v. Oakwood Hosp.*, 471 Mich. 67, 684 N.W.2d 296, 308 (2004)).

Defendant claims that it is entitled to summary judgment because plaintiff has not

offered any expert testimony to establish the elements of his malpractice claim,

namely: the standard of care, that defendant breached the standard of care, or that

plaintiff's alleged injuries were the proximate result of any of defendant's actions.

In short, plaintiff has failed to carry his burden of proof.  This court agrees.

Michigan courts uniformly agree that expert testimony is usually required

for a plaintiff to establish a medical malpractice claim.  *See Law Offices of

Lawrence Stockler, P.C. v. Rose*, 174 Mich. App. 14, 436 N.W.2d 70, 87 (1989)

("In a malpractice action, expert testimony is usually required to establish a

standard of conduct, breach of that standard of conduct, and causation.")  This is

true because "[i]n a case involving professional service the ordinary layman is not

equipped by common knowledge and experience to judge of the skill and

competence of that service and determine whether it squares with the standard of

such professional practice in the community."  *Id.* (quoting *Lince v. Monson*, 363

Mich. 135, 108 N.W.2d 845 (Mich. 1961)).  However, Michigan courts also agree

that "[w]here the absence of professional care is so manifest that within the

common knowledge and experience of an ordinary layman it can be said that the

defendant was careless, a plaintiff can maintain a malpractice action without

12

offering expert testimony." *Stockler*, 436 N.W.2d at 87.

Plaintiff argues that he should be relieved of his burden of producing expert testimony based on the district court's ruling in *Moore v. United States*, No. 07-14640, 2011 WL 3568763 (E.D. Mich. Aug. 12, 2011). In *Moore*, plaintiff inmate brought a medical malpractice action against the United States for its failure to refer him to an outside orthopedist for surgery on his ankle. (*Id.* at *3). However, unlike the present case, in *Moore*, plaintiff presented the testimony of two expert witnesses that "his ankle and shoulder joints ha[d] markedly deteriorated since his arrival at FCI–Milan; that he experience[d] continued pain and anguish; that his diabetes ha[d] never posed a bar to orthopedic surgery; and, that surgery would [have] relieve[d] most if not all of his symptoms. . . . Plaintiff's experts also assert[ed] that given the severity of Plaintiff's DJD, surgery on both his shoulder and ankle would have been proper as early as 2004." (*Id*. at *9). Based on this expert testimony, and other evidence which supported plaintiff's position, the district court concluded that material issues of fact remained on plaintiff's medical malpractice claim. (*Id*. at *10). To the contrary of plaintiff's argument, this court concludes that *Moore* aligns with Michigan's rule that expert testimony is required to support a claim for medical malpractice.

Additionally, the undersigned concludes that the issues involved in this case, whether Dr. Malatinsky's decision to not refer plaintiff to a second

13

orthopaedic surgeon does not fit within "common knowledge" or "ordinary experience" such that it would allow plaintiff to maintain his malpractice claim without expert testimony. *See Stockler*, 436 N.W.2d at 87.

Finally, plaintiff's argument (Resp. Br. at p. 12) that he is not required to produce expert testimony because defendant's expert report is too conclusory is not supported by the case he cites or by the record here.  Plaintiff cites *Fitzgerald v. Corrections of Am.*, 403 F.3d 1134, 1144-45 (10th Cir. 2005), however, the court remanded plaintiff's medical malpractice claim there after it determined that defendant had not properly supported its motion for summary judgment.  Here, though, defendants have filed a properly supported motion for summary judgment, including a detailed expert report.  Defendant's expert report, unlike the one in *Fitzgerald*, summarized the facts underlying plaintiff's medical malpractice claim. (Dkt. 25, Ex. 2, Expert Report).  Specifically, Dr. Munaco's report provides the court with an overview of the time line of the medical decisions made in plaintiff's treatment.  (*Id*.)  Dr. Munaco's report also included information about the physicians that plaintiff had seen, and medication dosages and other treatments recommended by those doctors and specialists.  (*Id*.)  Based on the totality of the evidence, Dr. Munaco offered his opinion that "it was reasonable for Dr. Malatinsky to follow the plan laid out by [orthopaedic surgeon] Dr. Anderson of injections in the shoulder on an as-needed basis.  Injections are an acceptable form

14

of treatment for this type of shoulder injury, and there is nothing in the standard of care that would require Dr. Malatinsky to get a second opinion on the treatment."[1]

Because plaintiff has no expert witness to opine on the standard of care, breach, and causation, he simply cannot make out a *prima facie* case of medical malpractice, and this court must recommend dismissal.

## VII. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant United States' motion for summary judgment (Dkt. 25) be **GRANTED** and that plaintiff's claims against defendant United States be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

---

[1] The court agrees with defendant that plaintiff seems to confuse the standard of care in this case.  Here, the correct inquiry is whether Dr. Malatinsky committed malpractice when he made the decision to not refer plaintiff to a second orthopaedic specialist after the first orthopaedic surgeon, Dr. Anderson, determined that surgery was not necessary.  As such, if the undersigned were required to undergo an inquiry into the appropriate standard of care, it would focus on whether Dr. Malatinsky was qualified to refer plaintiff to a specialist, not on whether Dr. Malatinsky was qualified to make a diagnoses of an orthopaedic medical condition. Significantly, in *Moore*, *supra*, plaintiff there presented two experts to defeat defendant's motion for summary judgment, a board certified family practice physician and a board certified orthopaedic surgeon.  *See Moore*, No. 07-14640, 2011 WL at *9.

15

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 17, 2015                              s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Victor Plescia #01387424, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160 .

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov