UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR PLESCIA,

        Plaintiff,

v.                         Case No. 13-14347

UNITED STATES OF AMERICA,      HON. TERRENCE G. BERG
                                  HON. MICHAEL J. HLUCHANIUK

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 31)

Plaintiff Victor Plescia ("Plaintiff"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, brought this action alleging medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., against Defendants the United States of America and William Malatinsky, M.D. (Dkt. 1). In his Complaint, Plaintiff alleged that Dr. Malatinsky was negligent when he refused to refer Plaintiff to an orthopedic doctor for a second opinion concerning Plaintiff's shoulder injury, and that these actions breached the applicable standard of care, causing Plaintiff to suffer undue pain (*Id*.).

Defendant Malatinsky filed a previous motion to dismiss (Dkt. 12), arguing that he was not a proper party under the FTCA. Magistrate Judge Michael Hluchaniuk then issued a report and recommendation (Dkt. 18), recommending that Defendant Malatinsky's motion be granted. This Court accepted that

recommendation, and dismissed Defendant Malatinsky from this action with prejudice, and the case proceeded against Defendant United States, only (Dkt. 20).

The motion currently before the Court is a motion for summary judgment from Defendant United States (Dkt. 25). The Government's motion argues that discovery is closed and Plaintiff has not identified an expert witness who can testify regarding the necessary elements of his prima facie case of medical malpractice under Michigan law.[1] Furthermore, even if an expert were available, the United States contends that Plaintiff would be unable to prove that its actions proximately caused Plaintiff's claimed injury. On April 23, 2015, Plaintiff filed a brief in response (Dkt. 29). The United States filed a reply brief on May 18, 2015 (Dkt. 30).

On June 17, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation (Dkt. 31), recommending that Defendant's motion for summary judgment be granted, and that Plaintiff's case be dismissed. Magistrate Judge Hluchaniuk recommendation was premised on his finding that, since Plaintiff has not identified an expert witness to opine on the standard of care, breach, and causation, he simply cannot make out a prima facie case of medical malpractice.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 31) to

---

[1] Michigan courts uniformly agree that expert testimony is usually required for a plaintiff to establish a medical malpractice claim. *See Law Offices of Lawrence Stockler, P.C. v. Rose*, 174 Mich. App. 14, 436 N.W.2d 70, 87 (1989) ("In a malpractice action, expert testimony is usually required to establish a standard of conduct, breach of that standard of conduct, and causation").

the Report and Recommendation.  A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*  As the Magistrate Judge specifically informed the parties in his Report and Recommendation, "failure to file specific objections constitutes a waiver of any further right of appeal."  Citing *Thomas v. Arn*, 474 U.S. 140 (1985). "Even when timely objections are filed, appellate review of issues not raised in those objections is waived." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).

Plaintiff raises two objections (Dkt. 31), on relatively narrow grounds.  First, Plaintiff argues that the Report and Recommendation contains two typographical errors on page 7, as it references "Dr. Muanco" (the Government's expert witness) when it should state "Dr. Malatinsky" (the previously dismissed Defendant).[2]  These two minor typographical errors do not change Magistrate Judge Hluchaniuk's analysis.  Thus, this objection is overruled.

Plaintiff's second objection is that that Magistrate Judge Hluchaniuk's denial of Plaintiff's motions for appointment of counsel and for appointment of an expert witness, premised upon Plaintiff's indigence and his incarceration, made it

---

[2] The mistyped sentences read – "Further, plaintiff contends that **Dr. Munaco** has a history of breaching the standard of care by refusing to refer federal prisoners for a "second opinion" after his course of treatment proves to be ineffective" and "Plaintiff argues that after Dr. Anderson's treatment recommendations failed to relieve plaintiff's pain, **Dr. Munaco** failed to refer plaintiff to another orthopedic specialist" (emphasis added) (Dkt. 31 at 7).  These references to "Dr. Munaco" should read "Dr. Malatinsky."

impossible for him to obtain the services of a medical expert to determine the proper standard of care.

"Appointment of counsel in a civil case is not a constitutional right" but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.1993) (citations omitted). When evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity, and the "complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citation omitted).

In this case, Magistrate Judge Hluchaniuk appropriately considered whether exceptional circumstances warranted the appointment of counsel in this case, and determined that they did not (Dkts. 14, 22).  Magistrate Judge Hluchaniuk found that this case presented non-complex issues, and that Plaintiff demonstrated his ability to handle the case in a pro se capacity throughout the proceedings.  As such, this case did not present "exceptional circumstances," and appointment of counsel was not appropriate.

Similarly, Magistrate Judge Hluchaniuk also denied Plaintiff's request for an appointment of an expert witness (Dkt. 28).  Magistrate Judge Hluchaniuk correctly recognized that the use of court-appointed experts is relatively infrequent and most courts "view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." *Tangwall v. Robb*, 2003 WL 23142190 (E.D.

4

Mich., Dec. 3, 2003). Furthermore, Magistrate Judge Hluchaniuk correctly recognized that "a plaintiff's failure to secure his own expert witness may be fatal to his case." *See Tangwell*, 2003 WL 23142190, at *4 ("the plaintiff's failure to secure an expert witness, after being given repeated opportunities by the Court to find such a witness, demonstrates that the plaintiff is unable to prove his case"). The Court finds no error in these rulings.

Magistrate Judge Hluchaniuk's Report and Recommendation accurately summarized the material facts underlying Plaintiff's claim. In brief, Plaintiff's suit concerns chronic right shoulder pain. A prison orthopedist – Dr. Sidhu – recommended that Plaintiff be referred to an outside surgical orthopedist for a possible surgical repair of a torn rotator cuff. The clinical director at the prison – Dr. Malatinsky – agreed with Dr. Sidhu's recommendation that Plaintiff see an outside specialist, and then sent Plaintiff to see Dr. Anderson. Dr. Anderson examined Plaintiff, and determined that he was not a good candidate for surgery at that time, but instead should return every three months for cortisone injections in his right shoulder. Plaintiff then received these injections.

Plaintiff alleges that this treatment did not relieve his pain, and thus requested a referral to a different outside orthopedist. Dr. Malatinsky denied Plaintiff's request to see a different outside orthopedist. Plaintiff alleges that Dr. Malatinsky's refusal to refer Plaintiff to another orthopedist for a second opinion constitutes medical malpractice, and he brought this lawsuit under the Federal Tort Claims Act.

Plaintiff did not object to Magistrate Judge Hluchaniuk's recitation of the facts of this case. However, the Court recounts them here in support of Magistrate Judge Hluchaniuk's decision to deny Plaintiff's requests for appointment of counsel and for appointment of an expert witness. This Court recently considered a claim similar to Plaintiff's in *Lowe v. Prison Health Serv., Inc.*, No. 13-10058, 2015 WL 5675748 (E.D. Mich. Sept. 28, 2015).[3]  In the *Lowe* case, as in this case, an incarcerated plaintiff filed suit against prison doctors based on their refusal to refer the plaintiff for an additional opinion from an outside specialist, as the plaintiff was unsatisfied with the treatment recommended by the first specialist. The Court adopted a Magistrate Judge's recommendation to dismiss the plaintiff's case, and held that:

> Regarding claims against a medical provider, in cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the plaintiff fails to state a claim under the Eighth Amendment. *See McFarland v. Austin*, 196 Fed. App'x. 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs., Inc.*, 94 Fed. App'x. 262, 264 (6th Cir. 2004) (affirming dismissal of the complaint for failure to state a claim where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment where defendant discontinued the plaintiff's previous course of treatment and prescribed what the plaintiff considered to be less effective treatment); *Catanzaro v. Michigan Dep't of Corr.*, 2010 WL 1657872, at *3 (E.D. Mich. 2010) (the plaintiff failed to state a claim of deliberate indifference when "he specifically alleges that he was

---

[3] The Court recognizes that *Lowe* involved a state prisoner bringing constitutional claims under the Eighth Amendment for deliberate indifference to his medical needs, whereas the present case involves a federal prisoner bringing a medical malpractice claim against the United States under the FTCA. Nevertheless, the *Lowe* case still serves as a useful analog.

given medications that proved ineffective to relieve his symptoms, rather
than medications that he believed were more effective, such as Drixoral,
Sudafed and Deconamine"), adopted by 2010 WL 1657690 (E.D. Mich. 2010);
*Allison v. Martin*, 2009 WL 2885088, at *7 (E.D. Mich. 2009) (the plaintiff
failed to state a claim of deliberate indifference in violation of the Eighth
Amendment when the complaint reveals the plaintiff was seen over a dozen
times for his eczema and was given medication, though not the "type" and
quantity he requested).

As is *Lowe*, the facts alleged by Plaintiff in this case merely present a difference of

medical opinion, which does not generally fall within the scope of a deliberate

indifference claim.  *See Thomas v. Coble*, 55 Fed. App'x. 748, 749 (6th Cir. 2003)

("[Plaintiff] and Dr. Coble clearly disagreed over the preferred medication to treat at

[Plaintiff's] pain. However, this difference of opinion does not support an Eighth

Amendment claim."); *see also Cuco v. Fed. Med. Center–Lexington*, 2006 WL

1635668, *33 (E.D. Ky. 2006) (The fact that the plaintiff's personal physician

believed that the treatment chosen by prison medical personnel was not an effective

treatment regimen does not matter. That is, even where a plaintiff's private

physician recommends a course of treatment for the plaintiff's condition, a prison

doctor's use of a different treatment regimen does not amount to deliberate

indifference).


Based upon the record in this case, it was entirely appropriate for Magistrate

Judge Hluchaniuk to deny Plaintiff's requests for appointment of counsel and an

expert witness.  The undisputed facts here are that Plaintiff was examined by a

prison orthopedist as well as an independent outside orthopedist.  The independent

orthopedist authorized a non-surgical course of treatment for Plaintiff.  As the

clinical supervisor, Dr. Malatinsky did not approve Plaintiff's request to seek yet

another outside orthopedist's opinion.  These circumstances suggested a reasonable standard of care by Dr. Malatinsky, they did not present "extraordinary or compelling" grounds, such as might exist where the allegations suggested clear negligence.  The soundness of Magistrate Judge Hluchaniuk's decision not to appoint an expert does not change, by virtue of the fact that Plaintiff's failure to hire his own expert witness ultimately proved fatal to his case.  *See Matthews v. Robinson,* 52 Fed. App'x 808, 810 (6th Cir. 2002) (affirming dismissal of federal prisoner's medical malpractice and negligence claims, where prisoner failed to identify an expert witness); *Shedden v. United States*, 101 Fed. App'x. 114, 2004 WL 1327926 (6th Cir. 2004) ("[Plaintiff] did not present or allege in his complaint the existence of any expert testimony which would establish that the medical treatment he received was substandard ... a matter to be resolved in a motion for summary judgment").

Finally, the Court notes that Plaintiff did not file any objections to Magistrate Judge Hluchaniuk's orders denying his requests for appointment of counsel and for appointment of an expert witness, despite being told in each order that he had 14-days to file any objections and that "[a] party may not assign as error any defect in this order to which timely objection was not made." Citing Fed. R. Civ. P. 72(a).  As Plaintiff failed to file timely objections to Magistrate Judge Hluchaniuk's orders denying his requests for appointment of counsel and for an expert witness, the Court finds that Plaintiff has waived the right to challenge those orders now.  Although exceptional circumstances may warrant departure from

8

the waiver rule in the interests of justice, *Thomas v. Arn*, 474 U.S. 140, 155, 106

S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

For these reasons, Plaintiff's second objection is not well-taken.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Magistrate

Judge Hluchaniuk's Report and Recommendation of June 17, 2015 (Dkt. 31) is

**ACCEPTED** and **ADOPTED**.  It is **FURTHER ORDERED** that Defendant's

motion for summary judgment (Dkt. 12) is **GRANTED**.  Accordingly, this case is

hereby **DISMISSED WITH PREJUDICE**.  Judgment shall issue in favor of

Defendant, and against Plaintiff.

**SO ORDERED.**

Dated:  January 26, 2016                    s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 26,
2016, using the CM/ECF system, which will send notification to all parties.

                                            s/A. Chubb
                                            Case Manager

9